## CHEMICAL LIME CO., Inc., v. WEST PENN POWER CO.
### No. 1331.

District Court, M. D. Pennsylvania.
Aug. 22, 1938.

Morgan S. Kaufman and Ralph W. Rymer, both of Scranton, Pa., for plaintiff.

Walter L. Hill, Sr., and Walter L. Hill, Jr., both of Scranton, Pa., and Kenneth M. Bixler, of Pittsburgh, Pa., for defendant.

WATSON, District Judge.

This is a suit in Equity brought by the Plaintiff which is under the supervision of this Court in proceedings for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, praying for an injunction restraining the Defendant from shutting off the supply of electric power to the Plaintiff as long as its bills are paid within ten days after they are rendered, and for an order directing the Defendant to return the sum of $3,000 to the Plaintiff, which sum it is alleged was deposited with Defendant under threat that power and service would be shut off unless deposit were made to secure payment of future bills for power, etc., incurred by the Trustees in the operation of Plaintiff's plant.

Upon the hearing, the Plaintiff showed that its present financial position is good, that it has been paying all bills when due, and has a cash reserve sufficient to pay the amount of any bill which may be rendered by Defendant for supplying electric power to Plaintiff. The Plaintiff's plant is such that it cannot be operated without a constant supply of electric power, and the Defendant is the only source of supply.

The Defendant questions the jurisdiction of this Court to grant the relief prayed for.

Defendant is a public utility and, as such, its rates and the method of their collection are regulated by the Public Utility Law of Pennsylvania, 66 P.S.Pa. § 1102 et seq., and by regulations of the Pennsylvania Public Utility Commission. It is Defendant's position that such being the case, its right to demand a deposit and the amount thereof must be determined according to the laws of Pennsylvania in an administrative proceeding before the proper administrative body.

Article III, Section 305 of the Public Utility Law, 66 P.S.Pa. § 1145, provides:

"No public utility shall require the payment of rates in advance, or the making of minimum payments, ready to serve charges, or deposits to secure future payments of rates, except as the commission, by regulation or order, may permit: Provided, That any deposit made by any domestic consumer, under the provisions of this section or under any act repealed by this act, shall be returned with any interest due thereon to the consumer making such deposit when he shall have paid undisputed bills for service over a period of twelve consecutive months."

By a regulation adopted October 4, 1937, the Pennsylvania Public Utility Commission provided that deposits might be required from consumers within certain limits. There is no question but that the deposit required in this case is within the limits prescribed by this regulation. It is not for this Court to say that the Statutes of

218

Pennsylvania and the regulations of its administrative tribunals are improper, or that they are being disobeyed. It is true that the Plaintiff is under the supervision of this Court, and the money demanded by Defendant is in Custodia Legis. But I cannot conclude that, for that reason alone, this Court should proceed to a determination of the propriety of the demands of a Pennsylvania public utility, which demands are admittedly in accordance with the laws of the State. To do so would, in effect, set up one law to be applied to corporations doing business under the supervision of the Bankruptcy Court different from that which must be applied to corporations operating independently of the Court. The Defendant, as a corporation doing business with the Plaintiff, deals with it at arm's length. Except for the fact that it is subject to regulation as a public utility it could do business with Plaintiff or refuse to do business with it or do business on whatever terms it might be able to impose. Being a public utility, however, the terms it may impose are governed by law which is administered by the Pennsylvania Public Utility Commission. It follows that the proper tribunal to pass upon the propriety of its demand in this case is the Commission. This Court is without jurisdiction and, therefore, the Bill must be dismissed.

Now, the Bill in Equity is dismissed, and the rule to show cause granted thereon is discharged.